IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 4:21-cr-00173-SAL |
| v. | **PLEA AGREEMENT** |
| **HART WILLIAM GROW** | |

**General Provisions**

This PLEA AGREEMENT is made this 17th day of November, 2021, between the United States of America, as represented by Acting United States Attorney M. RHETT DEHART, Assistant United States Attorneys Derek A. Shoemake and Amy F. Bower, the Defendant, **HART WILLIAM GROW**, and Defendant's attorney, Michael Allen Meetze.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 2 and 8 of the Superseding Indictment now pending. Specifically, Defendant agrees to plead guilty to the charges in Count 2 for sex trafficking of a juvenile, Minor Victim 1, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2); and Defendant agrees to plead to Count 8 which charges Defendant with coercion and enticement of Minor Victim 2 to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to 18 U.S.C. 2251(a), in violation of Title 18, United States Code, Sections 2422(b).

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 2**
*(Sex Trafficking of Minor Victim 1)*

A. The Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited by any means a person;

B.  The Defendant did so in or affecting interstate or foreign commerce;

C.  The Defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

The possible penalties for this offense are:

IMPRISONMENT FOR **10 YEARS TO LIFE** (18 U.S.C. § 1591(b)(2))
FINE OF **$ 250,000.00**   (18 U.S.C. § 3571)
SUPERVISED RELEASE OF **FIVE YEARS TO LIFE** (18 U.S.C. §§ 3583, 3559)
SPECIAL ASSESSMENT **$ 100.00**  (18 U.S.C. § 3013)
TRAFFICKING ASSESSMENT **$ 5,000.00 for non-indigent person** (18 U.S.C. § 3014)

### Count 8
*(Coercion and Enticement of a Minor)*

A.  The Defendant persuaded, induced, enticed or coerced;

B.  A person who had not yet attained the age of 18 years;

C.  To engage in a sexual activity for which any person could have been charged with a criminal offense, specifically including 18 U.S.C. § 2251(a);

The elements of 18 U.S.C. § 2251(a) are:

   a.  The Defendant did knowingly employ, use, persuade, induce, entice, or coerce a person, who was a minor, to engage in sexually explicit conduct;

   b.  For the purpose of producing any visual depiction of the sexually explicit conduct, or transmitting a live visual depiction of such sexually explicit conduct; and

   c.  The Defendants either: (1) knew or had reason to know that the visual depiction would be transported in interstate commerce; (2) that the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate commerce; or (3) that the visual depiction was mailed or actually transported in interstate commerce.

D.  In doing so, the Defendant used a facility or means of interstate commerce; and

E.  The Defendant did so knowingly.

The possible penalties for this offense are:

IMPRISONMENT FOR **10 YEARS TO LIFE** (18 U.S.C. § 2422(b))

FINE OF **$ 250,000.00**   (18 U.S.C. § 3571)
SUPERVISED RELEASE OF **FIVE YEARS TO LIFE** (18 U.S.C. §§ 3583, 3559)
SPECIAL ASSESSMENT  **$ 100.00**   (18 U.S.C. § 3013)
TRAFFICKING ASSESSMENT  **$ 5,000.00 for non-indigent person** (18 U.S.C. § 3014)

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

   B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664, in an amount of no less than $3,000 per victim and to be determined by the Court at the time of sentencing. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing

        obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

    D.    Special Assessment for Trafficking Victims' Fund: The Defendant also understands that unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. §§ 3013 and 3014. This assessment is due after all other fines, orders of restitution, and any other victim-compensation obligation arising out of the criminal conviction have been paid.

3.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Forfeiture

5.    The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily

surrender, and not contest the forfeiture of property identified in the Superseding Indictment, and any forfeiture Bill of Particulars.

    All items seized from the residence of Hart William Grow pursuant to federal search warrant executed on March 17, 2021, including the following:
(1) Yi Smart Dash Camera
(2) 8GB Lexar Thumb Drive
(3) 8GB Lexar Thumb Drive
(4) Samsung Tablet
(5) MicroSD USB
(6) Ryzen CPU Tower
(7) HP Tower
(8) Notebook with passwords
(9) Dell Laptop – S/N BNYY062
(10) Dell Inspiron Laptop
(11) iPhone (red)
(12) Notebook with usernames
(13) Apple watch

With regard to each and every asset listed in the Superseding Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

    The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

    To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

    That the Defendant has or had a possessory interest or other legal interest in each item or property.

    To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea

Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

6. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described

property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

### Merger and Other Provisions

7. The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

   A. The Defendant is a Criminal History Category I

   B. The Defendant's Total Offense Level is 42, which becomes a 39 after being adjusted for acceptance of responsibility, calculated as follows:

       a. Pursuant to U.S.S.G. § 2G1.3(c)(1), because § 2G2.1 results in a greater offense level, § 2G2.1 is the applicable guideline provision.

       b. Pursuant to § 2G2.1(a), Defendant has a base offense level of 32.

       c. Pursuant to § 2G2.1(b)(2)(A), Defendant gets a two-point enhancement for the commission of a sexual act.

       d. Pursuant to § 2G2.1(b)(6)(A) and (B), Defendant gets a two-point enhancement for misrepresenting his identity and using a computer to coerce Minor Victim 1's participation.

       e. Pursuant to § 3A1.3, Defendant gets a two-point enhancement because Minor Victim 1 was physically restrained during the course of the offense.

       f. Pursuant to § 3B1.1(c), Defendant gets a two-point enhancement because he was an organizer and leader in the offense.

       g. Pursuant to §§ 2G1.3(d)(1) and 3D1.4, Defendant gets a two-point enhancement because the count regarding Minor Victim 2 is treated as a separate count of conviction and results in a total of two units.

       h. Pursuant to § 3E1.1, Defendant gets a three-point reduction for acceptance of responsibility.

   C. The Defendant's Advisory Guideline Range is 262 months to 327 months.

      The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his plea should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

8. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The Defendant also understands that by pleading guilty, the Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised

   release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

10.  The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11.  The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12.  The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises,

representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11-17-2021
Date

**HART WILLIAM GROW**
DEFENDANT

11-17-2021
Date

MICHAEL ALLEN MEETZE,
ATTORNEY FOR THE DEFENDANT

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

11-17-2021
Date

DEREK A. SHOEMAKE (#10825)
AMY F. BOWER (#11784)
ASSISTANT UNITED STATES ATTORNEYS

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. **This Special Assessment is due and payable at the time of the execution of the plea agreement.**

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 4:21-cr-00173-SAL4 |
| **DEFENDANT'S NAME:** | HART WILLIAM GROW |
| **PAY THIS AMOUNT:** | $100.00 per count |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
Clerk's Office
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*  **(Do Not send cash)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*